Scranton Mercantile Company v. E. Schneider & Company.

Opinion delivered April 14, 1924.

Frauds, statute of—undertaking to pay another's debt.—Where plaintiff held a mortgage on a crop which defendants took charge of, and wrote to plaintiff that they would "take care of" plaintiff's account against his mortgagor, this was sufficient to take the case without the statute of frauds.

Appeal from Logan Circuit Court, Northern District; *James Cochran*, Judge; affirmed.

*Anthony Hall*, for appellants.

Wood, J. This is an action by the appellee against the appellants. Appellee alleged that on September 2, 1920, W. R. Douglas was indebted to it in the sum of $30 on a note made by Douglas to the First National Bank of Paris, Arkansas, and paid by the appellee for him, amounting with interest to $36.75; that Douglas was also indebted to the appellee for an account of merchandise; that the indebtedness of Douglas to the appellee was secured by a chattel mortgage on his crop of cotton and corn for the year of 1920; that on September 22, 1920, appellants bought the crop of cotton and corn from Douglas, and agreed to pay the indebtedness of Douglas to the appellee under the following agreement:

"Scranton, Ark., Sept. 22, 1920.
"Messrs. E. Schneider & Co.
"Paris, Arkansas.

"Dear friends: I bought the W. R. D. crop on the Stroupe place. My agreement is to take care of your account, since you hold first mortgage on the crop.

Please let me know just what amount you have against W. R. Douglas' crop, under your mortgage. We have a safe man in charge to gather the crop. When he gets cotton out and ginned, I call you up. We nearly had to do this to save ourselves. I would be glad if you would send me statement by next mail. In case we have corn left, which we should have, can you use same at what price?

> "Yours truly,
>
> "GEORGE HEIM."

Appellee alleged that the debt of Douglas to it had not been paid. Appellants answered, and admitted that they took charge of the crop of W. R. Douglas during the year 1920, subject to the appellee's mortgage. They denied that they assumed the payment of Douglas' debt to the appellee beyond the value of the mortgaged crops. They allege the truth to be that Douglas was indebted to appellants, and that he was making a share crop on the land of Henry Stroupe in 1920, and alleged that the appellee held a mortgage on Douglas' half share. Appellants alleged that, believing that they might obtain an overplus from the crop to take up their debt from Douglas, they agreed with Douglas to gather the crops, apply his half share, after expense of gathering crop, on appellee's debt, and then on the appellant's debt, and apply the overplus, if any, to Douglas. This agreement was made with Douglas September 22, 1920, and immediately thereafter Heim wrote the appellee the letter exhibited in the complaint. They alleged they caused the crop to be gathered and paid the expense of same; that the landlord took charge of Douglas' crop, and appellants received nothing for their expenses in gathering the same; that the appellee and Stroupe sold the crop and applied the proceeds on their claims. Appellants denied that they owed appellee any sum whatever. They alleged that the action was brought by the appellee against the appellants on an alleged promise of appellants to pay to appellee the debt of Douglas, and that said terms, not being in writing, the action cannot be

maintained, and therefore appellants pleaded the statute of frauds in bar of the action.

The appellee demurred to the answer. The court sustained the demurrer, and the appellants declined to plead further. Thereupon the court entered a judgment in favor of the appellee against the appellants for the amount claimed. From that judgment is this appeal.

The appellants set up in their answer the statute of frauds, and the only question they present for our decision is whether or not the letter referred to in the pleadings is sufficient to take the case out of the statute and render the appellants liable. A majority of the court construed the letter to be a promise on the part of the appellant Heim to pay Douglas' account with the appellee. The allegations of the answer show that the appellee held a mortgage on Douglas' crop which the appellants took charge of, thus depriving appellee of the right to the possession of Douglas' share of the crop. The appellants had no right to do this without paying, or agreeing to pay, Douglas' account with the appellee. The language of the letter, to-wit: "My agreement is to take care of your account, since you hold first mortgage on the property," in the opinion of the majority, is unambiguous, and means that the appellant Heim had agreed with Douglas to pay his account with the appellee as the consideration to him for delivering his crop to the appellants, rather than to the appellee, and that Heim, by this letter, agreed to pay appellee Douglas' account.

It occurs to the majority that, under the circumstances, the words, "to take care of your account," mean "to pay your account," and that these words are not susceptible of any other interpretation, for the only way to "take care" of Douglas' account with the appellee was to pay the same. The ruling of the court sustaining the demurrer of the appellee to appellant's answer and rendering judgment in favor of the appellee against the appellants is correct, and it is therefore affirmed.

The writer and the Chief Justice are of the opinion that the letter is ambiguous, and that the issue raised

by the answer as to whether or not the appellants prom-
ised to pay the account of Douglas with the appellee was
one that should have been submitted to the jury under
the evidence; that oral testimony would have been com-
petent on the issue as to whether or not the letter was
sufficient to take the case out of the operation of the
statute of frauds.